**FILED**

FEB 17 2023

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Name: Fernando Gastelum
Address: 209 W. 9th Street
Casa Grande, AZ 85122
Telephone Number: 520-560-0927
Email: fernandog8899@gmail.com
*Pro se*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>                         Plaintiff,<br>vs.<br><br>BEST BUY, INC.<br>                    Defendant. | Case No.: 1:23-CV-00244 ADA BAM<br><br>**Verified Complaint**<br><br>1. Americans with Disabilities Act<br>2. California's and Unruh Civil Rights Act<br>3. California's Disabled Person's Act |

## PARTIES

1. Plaintiff is a senior citizen man with physical disabilities. Plaintiff is missing a leg. Plaintiff uses a wheelchair for mobility and has a specially equipped sport utility vehicle.

2. The missing right leg substantially limits my major life activities of walking, reaching, pushing and other musculoskeletal activities that are normally associated with missing lower limbs..

3. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use, that is, accessible routes that provide firm, level surface and that are wide enough to navigate his wheelchair.

4. Where the locations are not designed for the use of a wheelchair, that is, accessible routes do not provide firm, level surface, or are not designed for persons using a wheelchair, Plaintiff must use his prosthetic leg and a cane to move short distances.

1

5. Plaintiff prefers to use a wheelchair because walking on the prosthesis is painful, uncomfortable, and causes the prosthesis to rub against his skin. When Plaintiff uses the prosthetic, his leg sweats which in turn loosens the prosthetic sleeve that begins to slip back and forth. Plaintiff can no longer walk then. This requires Plaintiff to stop, remove the prosthetic leg, let the sleeve dry up, and then put the prosthetic leg back on again.

6. Even with the use of the prosthesis and a cane, Plaintiff's ability to walk, push, reach and otherwise engage in activities requiring two handed or two legged operations are severely restricted.

7. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use.

8. Defendant owns or operates Best Buy Store #121 at 7550 N. Blackstone Ave., Fresno, CA 93720 ("Store").

9. The Store is a place of public accommodation

## JURIDICTION AND VENUE

10. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

11. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

12. Plaintiff specifically alleges that 28 U.S.C. §1367(c)(4) does not apply to the Unruh supplemental claim because:

    a. Cal. Civ. Code §425.55 provide for lesser and unequal protections to disabled individuals than Part 36 of the Code of Federal Regulation. The application of lesser and unequal protections under §425.55 are expressly pre-empted by 28 C.F.R.103(c).

2

  b. California's procedures in Cal. Civ. Code §425.55 providing for lesser and unequal procedural protections to disabled individuals were designed to regulate attorneys and not pro-se litigants.

13. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

14. Plaintiff visited the Store on August 10, 2022 to conduct business there, and did conduct business there.

15. Plaintiff encountered the following non-exhaustive barriers to accessibility:

  a. Clear width of accessible routes was less than 36" between doors, columns, counters and columns and displays of merchandise. This condition makes it more difficult for Plaintiff to shop between displays of merchandise. This condition violates accessibility standards at 403.5.1.

  b. The bathroom door required the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2.

  c. The bathroom door required the twisting of the wrist. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.

  d. The service counters were cluttered with merchandise and equipment[1] and were unusable. This condition makes Plaintiff's use of the payment counter more difficult. This condition violates accessibility standards at 904.4.1.

16. These barriers at the Store interfered with Plaintiff's full and equal enjoyment of the Store.

17. The barriers at the Store relate to and impact Plaintiff's disability; Plaintiff personally encountered these barriers.

18. The failure to provide accessible features at the Store created difficulty and discomfort for the Plaintiff.

---

[1] See U.S. Dept. of Justice, *Maintaining Accessible Features in Retail Establishments* Checklist at 15.
https://www.ada.gov/business/retail_access.htm

19. Defendant has failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

20. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that are readily achievable to remove.

21. Plaintiff is often in the geographical area where the Store is located, i.e., Fresno, California

22. Plaintiff intends to return to the Store in the winter of 2022/2023 to make purchase of goods.

23. Plaintiff frequently travels to the Fresno area, three or four times per year.

24. Plaintiff will return to the Store to avail himself of their goods and services and to determine compliance with the disability access laws once it is represented to him that the Stores are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, Plaintiff will face unlawful and discriminatory barriers again.

## FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
(42 U.S.C. section 12101, et seq.)

25. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

26. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

4

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Hotel are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

27. When a public accommodation provides accessible facilities for persons, it must do so for all persons, both fully abled and disabled.

28. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

29. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

## SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### (Cal. Civ. Code § 51-53.)

30. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

31. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

32. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and

equal use of the accommodations, advantages, facilities, privileges, or services offered.

33. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

## THIRD CAUSE OF ACTION - DISABLED PERSONS ACT
### (Cal. Civ. Code §§54-54.3)

34. Plaintiff incorporates all allegations contained elsewhere in this verified complaint.

35. Defendant violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

36. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

37. Plaintiff has been aggrieved by each of Defendant's non-compliance with the DPA.

38. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

39. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court award damages and provide relief as follows:

   a. For injunctive relief compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act.

   b. For injunctive relief requiring Defendant to adopt written and enforceable "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." assure compliance with 42 U.S.C. §12182(b)(2)(A)(ii) / 28 C.F.R. §36.302.

6

c. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each encounter for the total of $8,000.00.

d. In the event Plaintiff is required to hire counsel, for reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by a jury.

**RESPECTFULLY SUBMITTED (MAILED)** to the District Court this February 2, 2023

Fernando Gastelum