UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY, INC.,<br><br>Defendant. | Case No. 1:23-cv-00244-ADA-BAM<br><br>**ORDER TO SHOW CAUSE RE SUPPLEMENTAL JURISDICTION**<br><br>Deadline: March 17, 2023 |

On February 17, 2023, Plaintiff Fernando Gastelum, proceeding *pro se*, initiated this action against Defendant Best Buy, Inc. (Doc. 1.) The Complaint asserts claims for injunctive relief under the Americans with Disabilities Act of 1990 ("ADA"), a claim for statutory damages under California's Unruh Civil Rights Act ("Unruh Act"), and a claim for damages under California Civil Code §§ 54-54.3. (*Id.*) Defendant has not yet appeared in this action, and there is no indication that Defendant has been served with the summons and complaint. (Doc. 7.)

Based upon the recent Ninth Circuit opinion in *Vo v. Choi*, this Court will order Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. *See* 28 U.S.C. § 1367(c); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (holding the district court properly declined to exercise supplemental jurisdiction in a joint Unruh Act and ADA case).

///

1

In the Unruh Act, a state law cause of action expands the remedies available in a private action. California, in response to the resulting substantial volume of claims asserted under the Unruh Act and the concern that high-frequency litigants may be using the statute to obtain monetary relief for themselves without accompanying adjustments to locations to assure accessibility to others, enacted filing restrictions designed to address that concern. *Arroyo v. Rosas*, 19 F.4th 1202, 1211–12 (9th Cir. 2021). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1).

Moreover, California imposes additional limitations on "high-frequency litigants," defined as:

> A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

Cal. Civ. Proc. Code § 425.55(b)(1). "High-frequency litigants" are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Gov. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A). By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act. *See Arroyo v. Rosas*, 19 F.4th at 1206-07, 1212. The Ninth Circuit has also expressed "concerns about comity and fairness" by permitting plaintiffs to circumvent "California's procedural requirements." *Vo v. Choi*, 49 F.4th at 1171. Plaintiffs who file these actions in federal court evade these limits and pursue state law damages in a manner inconsistent with the state law's requirements. *See generally*, *Arroyo v. Rosas*, 19 F.4th at 1211–12; *Vo v. Choi*, 49 F.4th at 1171-72.

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article

1  III of the United States Constitution." 28 U.S.C. § 1367(a).  Even if supplemental jurisdiction
2  exists, however, district courts have discretion to decline to exercise supplemental jurisdiction.
3  28 U.S.C. § 1367(c). Such discretion may be exercised "[d]epending on a host of factors"
4  including "the circumstances of the particular case, the nature of the state law claims, the
5  character of the governing state law, and the relationship between the state and federal claims."
6  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).
7        According to the filings with this Court, Plaintiff Gastelum has filed at least 8 cases in the
8  Eastern District alone within the 12-month period from February 17, 2022, to February 17, 2023,
9  and more than 25 cases in the last two years.  Indeed, at least one Eastern District court has
10  indicated that Plaintiff appears to be a high-frequency litigant.  *See Gastelum v. Cotton On USA,*
11  *Inc.*, 1:22-cv-01194-JLT-SAB, Doc. 11 at p. 4.
12        For these reasons, IT IS HEREBY ORDERED as follows:
13        1.    Plaintiff is ORDERED to show cause, in writing, no later than **March 17, 2023**,
14  why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act
15  claim;
16        2.    In responding to the show cause order, Plaintiff is further ORDERED to:
17            a.  identify the amount of statutory damages Plaintiff seeks to recover; and
18            b.  submit a declaration from Plaintiff, signed under penalty of perjury, providing
19               all facts necessary for the Court to determine if he is a "high-frequency
20               litigant;"
21        3.    Plaintiff is cautioned that the failure to respond may result in a recommendation to
22  dismiss of the entire action without prejudice.  Fed. R. Civ. P. 41(b) (stating that dismissal is
23  warranted "[i]f the plaintiff fails to … comply with … a court order"); *see also Hells Canyon*
24  *Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); and
25  ///
26  ///
27  ///
28  ///

Case 1:23-cv-00244-ADA-BAM   Document 4   Filed 02/24/23   Page 4 of 4

4.      Further, an inadequate response will result in the Court recommending that supplemental jurisdiction over Plaintiff's Unruh Act claim be declined and that the Unruh claim be dismissed pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

Dated: **February 24, 2023**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE