UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM, | Case No. 1: 23-cv-00244-KES-BAM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| BEST BUY, INC. | (Docs. 27, 30) |
| Defendant. | FOURTEEN-DAY DEADLINE |

Plaintiff Fernando Gastelum, proceeding pro se, asserts that he is disabled as defined by the Americans with Disabilities Act ("ADA"). He contends Best Buy Stores, L.P. (sued as Best Buy, Inc.) violated the ADA by not having accessible features in its store located in Fresno, California. (Doc. 22.) Gastelum seeks summary judgment, arguing he is entitled to injunctive relief under the ADA and Unruh Civil Rights Act, statutory damages under the Unruh Act, and monetary damages under the California Disabled Persons Act. (Doc. 27.) Best Buy also seeks summary judgment, arguing Gastelum lacks standing under the ADA, lacks evidence to establish his federal claim, and his federal injunctive claim is moot. (Doc. 30.). The district judge referred the motions to the undersigned for findings and recommendations.[1] (Doc. 29.)

Having considered the record and briefing in this matter, the Court will recommend Best

---

[1] The Court found the motions suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing. The motions have been submitted on the papers. (Doc. 33.)

1

Buy's cross-motion for summary judgment be GRANTED, and Gastelum's motion for summary judgment be DENIED.

## I. Background and Procedural History

Gastelum resides in Casa Grande, Arizona. He reports that he is "missing a leg" and "uses a wheelchair for mobility." (Doc 22, Second Amended Complaint ("SAC") ¶ 1.) Where "locations are not designed for the use of a wheelchair, that is, accessible routes do not provide firm, level surface, or are not designed for persons using a wheelchair, [he] must use his prosthetic leg and a cane to move short distances." (*Id.* ¶ 4.) Gastelum alleges he visited the Best Buy store located at 7550 N. Blackstone Avenue in Fresno, California, on August 10, 2022. (SAC, ¶¶ 8, 12.)

According to Gastelum, when he visited the Fresno store ("Store"), he encountered the following barriers to accessibility:

a. Clear width of accessible routes was less than 36" between doors, columns, counters and columns and displays of merchandise. This condition makes it more difficult for Plaintiff to shop between displays of merchandise. This condition violates accessibility standards at 403.5.1.

b. The bathroom door required the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2.

c. The bathroom door required the twisting of the wrist. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.

d. The service counters were cluttered with merchandise and equipment and were unusable. This condition makes Plaintiff's use of the payment counter more difficult. This condition violates accessibility standards at 904.4.1.

(SAC, ¶ 13.) He asserts that these barriers interfered with his "full and equal enjoyment" of the Store, and the failure to provide accessible features at the Store "created difficulty and discomfort" for him. (*Id.* ¶¶ 14, 16.) He alleges that the barriers at the Store "relate to and impact [his] disability," and he "personally encountered" the barriers. (*Id.* ¶ 15.)

Gastelum alleges he "is often in the geographical area where the Store is located, i.e., Fresno, California." (SAC ¶ 19.) He "frequently travels to the Fresno area, three or four times per year." (*Id.* ¶ 21.) He asserts he "will return to the Store to avail himself of their goods and

services and to determine compliance with the disability access laws once it is represented to him that the Stores are accessible." (*Id.* ¶ 22.) He claims he "is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." (*Id.*)

In the SAC, filed on November 2, 2023, Gastelum seeks to hold Best Buy liable for violating the ADA and requests injunctive relief. (Doc. 22.)

On January 2, 2025, Gastelum filed his motion for summary judgment, along with a statement of facts/declaration. (Docs. 27, 28.) Best Buy filed a cross-motion for summary judgment on January 16, 2025, raising jurisdictional questions of standing and mootness and opposing Gastelum's motion. (Doc. 30.) Gastelum filed a reply and opposition on January 31, 2025. (Doc. 31). Best Buy replied in support of its cross-motion on February 6, 2025. (Doc. 32.)

## II. Legal Standards

### A. Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the movant will have the burden of proof at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Id.* (citing *Celotex*, 477 U.S. at 323). In contrast, if the nonmoving party will

have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.*

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting affirmative evidence from which a jury could find in [its] favor." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis omitted). "[B]ald assertions or a mere scintilla of evidence" will not suffice. *Id.* at 929; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56[ ], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

### B. Standing

[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). "To confer standing, an injury in fact must be concrete, particularized, and actual or imminent, not hypothetical." *Langer v. Kiser*, 57 F.4th 1085, 1092 (9th Cir. 2023) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "Although a plaintiff must establish standing at

4

each stage of the litigation, whether a plaintiff has standing depends upon the facts 'as they exist when the complaint is filed.'" *Id.* (internal citations omitted).

"[W]hen an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability." *Chapman v. Pier 1 Imports*, 631 F.3d 939, 944 (9th Cir. 2011). An ADA plaintiff can establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.*

"'[A]t the summary judgment stage, a plaintiff must offer evidence and specific facts demonstrating each element' of Article III standing." *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1058 (9th Cir. 2023) (quoting *Center for Biological Diversity v. Export-Import Bank*, 894 F.3d 1005, 1012 (9th Cir. 2018)). A "plaintiff can no longer rest on 'mere allegations' but must set forth by affidavit or other admissible evidence 'specific facts' . . . as to the existence of such standing." *Id.* (quoting *Gerlinger v. Amazon.com Inc., Borders Grp., Inc.*, 526 F.3d 1253, 1255–56 (9th Cir. 2008)).

### III.    The Americans with Disabilities Act[2]

Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation, and provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

---

[2] The Court preliminarily notes that Gastelum seeks summary judgment on claims arising under federal and state laws:  (1) Title II of the Americans with Disabilities Act of 1990; (2) California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53; and (3) California's Disabled Persons Act, Cal. Civ. Code §§ 54-54.3.  (Doc. 27.)  To that end, Gastelum seeks injunctive relief under the ADA and Unruh Act, statutory damages under the Unruh Act, and monetary damages under the Disabled Persons Act.  (*Id.* at 8.)

The only claim at issue in this action is Gastelum's ADA claim, and Gastelum is not otherwise entitled to seek summary judgment on any state law claims.  On June 3, 2024, the Court declined to exercise supplemental jurisdiction over Gastelum's Unruh Act claim, Disabled Persons Act claim, and any other state law construction-related accessibility claim, and dismissed those claims without prejudice, pursuant to 28 U.S.C. § 1367(c)(4).  (Doc. 13.)  Consistent with that dismissal, Gastelum's operative second amended complaint forwards a claim *only* for violation of the ADA and seeks *only* injunctive relief.  (*See* SAC, Doc. 22.)  The Court therefore limits its discussion and analysis to the ADA claim.

42 U.S.C. § 12182(a). The ADA requires public accommodations be "readily accessible to and usable by individuals with disabilities," unless it would be "structurally impracticable." 42 U.S.C. § 12183(a)(1); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). "In general, a facility is readily accessible to and usable by individuals with disabilities if it meets the requirements promulgated by the Attorney General in the 'ADA Accessibility Guidelines,' or the 'ADAAG.'" *Oliver*, 654 F.3d at 905.

To prevail on an ADA claim, "the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on a ADA claim of discrimination on account of one's disability due to an *architectural barrier*, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Hawai'i 2000).

### IV.  Discussion and Analysis[3]

Because Best Buy's cross-motion for summary judgment raises standing and mootness issues, threshold jurisdictional matters, the Court first considers Best Buy's motion for summary judgment. *See Beggins v. Carpenter*, No. 2:18-cv-01550-KJM-AC, 2020 WL 7227562, at *3 (E.D. Cal. Dec. 8, 2020) ("Because the Carpenter defendants' [summary judgment] motion raises standing and mootness issues, which are threshold jurisdictional matters, the court first considers their motion."). Best Buy specifically argues that Gastelum lacks standing to pursue his ADA claims and that his claims are now moot. (Doc. 30 at 8, 11-12.)

---

[3] In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

6

**A. Best Buy's Motion for Summary Judgment**

Best Buy argues Gastelum fails to satisfy the injury-in-fact requirement for standing under Article III. (Doc. 30 at 8.) Best Buy contends that Gastelum fails to satisfy his burden "to establish how the specific alleged barriers relate to his disability" and "fails to establish how each [alleged barrier] specifically relates to his 'particular disability.'" *Id.*

A plaintiff has standing to challenge a barrier under the ADA where the barrier "affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Chapman*, 631 F.3d at 947. The ADA Accessibility Guidelines ("ADAAG") "establish[ ] the technical standards required for 'full and equal enjoyment.'" *Id.* If a barrier violating the ADAAG standards "relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA. That discrimination satisfies the 'injury-in-fact' element." *Id.*; *see also Gastelum v. Kohl's Inc.*, No. 1:21-cv-1740 JLT BAM, 2023 WL 2575825, at *6 (E.D. Cal. Mar. 20, 2023) (explaining "injury-in-fact" element of standing under the ADA); *Gastelum v. Tc Heritage Inn 2 of Bakersfield LLC*, No. 1:21-cv-1230 JLT BAK (SAB), 2022 WL 541791, at *6 (E.D. Cal. Feb. 23, 2022) (same). "On a motion for summary judgment, courts are required to evaluate whether the factual record show[s] that the plaintiff's particular disability was impacted by the alleged ADA violations." *Jones v. L.A. Cent. Plaza, LLC*, No. 2:21-cv-04547-MCS-GJS, 2024 WL 1134975, at *3 (C.D. Cal. Feb. 6, 2024) (quotation and citation omitted).

Best Buy asserts that Gastelum has not satisfied the "injury-in-fact" requirement of standing. (Doc. 30 at 8.) According to Best Buy, Gastelum provides no admissible evidence to establish "that any of the barriers he purportedly encountered related to his particular disability." (*Id.* at 9.)

In response, Gastelum does not expressly argue that he has satisfied the injury-in-fact element of standing. (*See generally* Doc. 31.) Gastelum's unsupported statements that the condition of the bathroom door "made it more difficult for Plaintiff to open the door" and the condition of the service counters "makes Plaintiff's use of the payment counter unusable" are not sufficient. (*Id.* at 1.) Indeed, Gastelum provides no declaration or other admissible evidence in

7

response to Best Buy's motion to demonstrate "how his disability was affected by [the asserted architectural barriers] so as to deny him the 'full and equal' access that could satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability)." *Chapman*, 631 F.3d at 954 (finding injury-in-fact requirement not satisfied where plaintiff failed to allege or prove how his disability was affected by the architectural barriers).

The Court nonetheless has considered Gastelum's sworn declaration submitted in support of his motion for summary judgment. (Doc. 28.) Gastelum declares that he is "missing a leg." (*Id.* at ¶ 1.) He uses "a wheelchair for mobility in locations that are designed for wheelchair use" and he uses his "prosthetic leg and a cane to move short distances" where "locations are not designed for the use of a wheelchair." (*Id.* at ¶¶ 3, 4.) Gastelum further declares that "[e]ven with the use of the prosthesis and a cane, [his] ability to walk, push, reach and otherwise engage in activities requiring two handed or two legged operations are severely restricted." (*Id.* ¶ 6.)

Gastelum visited the Store on August 10, 2022, and encountered the following barriers to accessibility: (a) the width of accessible routes making "it more difficult for [him] to shop between displays of merchandise," (Doc. 28 at ¶ 11.a); (b) a bathroom door requiring the push-pull force greater than 5 lbs. making "it more difficult for [him] to open the door," (*id.* ¶ 11.b); and (c) cluttered service counters making his "use of the payment counter unusable," (*id.* ¶ 11.c.). He declares that these barriers interfered with his "full and equal enjoyment" of the Store, the barriers "relate to and impact [his] disability," and the failure to provide accessible features at the Store "created difficulty and discomfort" for him. (*Id.* ¶¶ 13-15.)

Gastelum's conclusory statements in his declaration that the barriers "relate to and impact" his disability and "made it more difficult" for him again are not sufficient, and provide no evidence demonstrating how the barriers relate to his particular disability or how his disability was affected. The asserted barriers appear to pertain to wheelchair users, such as the width of aisles, inaccessible service counters, and the push-pull force of the bathroom door.[4] (*See* Doc. 31

---

[4] Gastelum's operative complaint also identifies the following alleged barrier: "[t]he bathroom door required the twisting of the wrist." (SAC ¶ 13.c.) Gastelum proffers no admissible evidence demonstrating how this identified barrier relates to his particular disability--the loss of his leg—or how it specifically interfered with his use and enjoyment of the facility. *Cf. Gastelum v. Kohl's Inc.*, 2023 WL

at 2 [the service counters depicted "were designed, constructed, and used for a forward approach by customers, including wheelchair bound customers like Plaintiff"]; 2-3 ["if Plaintiff attempts to open a door with a force greater than 5 lbs, his wheelchair simply rolls away and he cannot enter"]; *see also Gastelum v. Kohl's Inc.*, 2023 WL 2575825, at *7 (noting width of aisles as a barrier related to wheelchair users). Yet, Gastelum does not establish by competent evidence—in his declaration or otherwise—that he used his wheelchair when visiting the Store. Any assertion that he is "wheelchair bound" is unsupported, and is belied by his own admission that he sometimes uses a prosthetic leg and a cane. (Doc. 28 at ¶ 4.) Although Gastelum declares, "Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use" (*id.* ¶ 7), this fails to support a conclusion that he used a wheelchair at the Store. The Court therefore concludes that Gastelum's statements identifying barriers that relate to wheelchair users, without evidence that he used his wheelchair at the Store, are insufficient to demonstrate he suffered an injury-in-fact. As other courts have explained to Gastelum at the pleading stage, identifying barriers that relate to wheelchair users without alleging that he used a wheelchair in the store are insufficient to demonstrate that he suffered an injury in fact. *See*, *e.g.*, *Gastelum v. TJX Companies, Inc.*, No. CV 23-8905-JFW(AJRx), 2024 WL 1601256, at *3 (C.D. Cal. Mar. 28, 2024) (agreeing with defendant that plaintiff had failed to allege that he suffered a concrete and particularized injury where plaintiff identified barriers related to wheelchair users, such as the width of the aisles, without alleging that he used his wheelchair in the stores); *Gastelum v. The TJX Companies, Inc.* No. 23-cv-00726-NC, 2024 WL 2124536 (N.D. Cal. Mar. 18, 2024) ("Because Gastelum uses different mobility aids depending on a variety of factors and

---

2575825, at *8 (finding allegations insufficient to demonstrate plaintiff suffered an injury in fact where there were "no allegations to support a conclusion that the other barriers, which related to opening various doors, relate[d] to [plaintiff's] disability: the loss of part of his leg."); *Strojnik v. Ashford Scottsdale LP*, No. CV-20-02352-PHX-DWL, 2021 WL 2002977, at *9 (D. Ariz. May 19, 2021)(concluding plaintiff's allegations insufficient to establish standing as to barriers requiring twisting of wrist because plaintiff failed to provide information as to why they specifically interfered with his use and enjoyment of the facility). Further, the photograph of the door provided by Gastelum depicts a straight doorhandle, not a knob. (*See* Doc. 28 at 5, ¶ 11.b.) Gastelum proffers no evidence that the handle required twisting.

9

does not specify which he used on the many visits he relies upon in his complaint, he has not provided sufficient detail to allege an injury in fact."); *Gastelum v. Kohl's Inc.*, 2023 WL 2575825, at *8 (finding plaintiff failed to allege an injury-in-fact where he identified barriers that related to wheelchair users without alleging that he used his wheelchair at the stores).

The Court therefore finds Gastelum has failed to establish an injury-in-fact for purposes of ADA, Title III standing. Accordingly, the Court will recommend that Best Buy's motion for summary judgment be granted on this basis. Given this recommendation, the Court finds it unnecessary to address Best Buy's argument that Gastelum's claim for injunctive relief is moot.

### B. Gastelum's Motion for Summary Judgment

Because the Court concludes that Gastelum failed to satisfy the injury-in-fact requirement of Title III standing, his motion for summary judgment on the ADA claim is moot. The Court will therefore recommend that it be denied on that basis. Alternatively, even if Gastelum could satisfy the injury-in-fact requirement, he is not entitled to summary judgment on his ADA claim.

For purposes of Gastelum's summary judgment, the parties primarily address whether Gastelum encountered barriers at the Store prohibited by the ADA. Gastelum "bears the burden of showing a violation of the ADA Accessibility Guidelines, the substantive standard of ADA compliance." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1048 (9th Cir. 2008) (citation omitted). Gastelum identifies the following purported barriers in his motion: (1) clear width of accessible routes was less than 36" between doors, columns, counters and columns and displays of merchandise; (2) the bathroom door required the push-pull force greater than 5 lbs.; and (3) the service counters were cluttered with merchandise and equipment and were unusable.[5] For each of these barriers, Gastelum cites specific ADAAG regulations that he contends have been violated. Gastelum's evidence of the access barriers consisted of his declaration and attached photographs. (*See* Doc. 28 at 2-5.)

///

---

[5] Gastelum's operative complaint also identified the following alleged barrier: "[t]he bathroom door required the twisting of the wrist." (SAC ¶ 13.c.) This alleged barrier is not included in the motion for summary judgment. The Court therefore considers it to be abandoned and will not address it.

Accessible Routes

Gastelum contends in his motion that "[c]lear width of accessible routes was less than 36" between doors, columns, counters and columns and displays of merchandise" in violation of "accessibility standards at 403.5.1." (Doc. 27 at 2, ¶ 11.a.) In support of this contention, Gastelum relies on his accompanying declaration, which states that the "clear width of accessible routes was less than 36" between doors, columns, counters, and columns and displays of merchandise." (Doc. 28 at 3, ¶ 11.a.) Both the motion and supporting declaration include photographs, which Gastelum claims "accurately reflect the condition of the Store at the time of Plaintiff's visit." (Doc. 27 at 2, ¶ 11.a.; Doc. 28 at 3, ¶ 11.a.)

Gastelum does not state in his motion or declaration that he conducted measurements of the routes to determine that they were "less than 36." Further, the photographs accompanying the motion and declaration do not contain any measurements. (Doc. 27 at 3-4; Doc. 28 at 3-4.) Absent any objective measurements, Gastelum's photographs and declaration are insufficient to demonstrate that the Store's routes do not comply with accessibility standards. *See Vazquez v. Mkt.*, No. 18-CV-07817-SI, 2020 WL 4349849, at *4 (N.D. Cal. July 29, 2020) (finding plaintiff's declaration and photographs, without measurements, inadequate factual support to show the existence of access barriers); *see also Doran*, 524 F.3d at 1048 ("That Doran scraped his knuckles, unsupported by any measurements, is insufficient to demonstrate that 7-Eleven's aisles do not comply with the thirty-six-inch clearance that the Accessibility Guidelines mandate."); *cf. Gastelum v. TJX Companies, Inc.*, No. CV 23-8905-JFW(AJRx), 2024 WL 2842195, at *4 (C.D. Cal. June 4, 2024) ("[C]ourts have repeatedly held that photographs with no measurements are insufficient to plead an ADA violation."). Further, without measurements or other factual support, Gastelum's statements regarding noncompliance with ADA regulations are improper legal conclusions. *See*, *e.g.*, *Chavez v. Yong Kyun Won*, No. 1:19-cv-0595 JLT, 2020 WL 5203451, at *4-*5 (E.D. Cal. Sept. 1, 2020) (explaining that whether there is compliance with ADA regulations is a legal conclusion and finding expert's statements regarding compliance with federal and state accessibility standards improper legal conclusions where no information provided regarding measurements).

Bathroom Door

Gastelum's motion next asserts that "the bathroom door required the push-pull force greater than 5 lbs" in violation of "accessibility standards at 309.4.2." (Doc. 27 at 4, ¶ 11.b.) In support of this assertion, Gastelum relies on his declaration, which states "[t]he bathroom door required the push-pull force greater than 5 lbs" and "violates accessibility standards at 309.4.2." (Doc. 28 at 4, ¶11.b.) Both the motion and supporting declaration include a photograph of a bathroom door with an undescribed object in the foreground. (Doc. 27 at 5; Doc. 28 at 5.)

As with his claim regarding accessible routes, Gastelum does not state in his motion or declaration that he conducted quantitative measurements of the push-pull force or even how such force or pressure was determined. Further, Gastelum's photograph provides no discernable measurement or other objective information demonstrating that the door itself required "the push-pull force greater than 5 lbs." Absent any objective measurements or other factual support, Gastelum's statements regarding violation of accessibility standards are bare legal conclusions, and his photograph and declaration are insufficient to demonstrate that the Store's bathroom door did not comply with accessibility standards.

Service Counters

As a final matter, Gastelum's motion contends that the "service counters were cluttered with merchandise and equipment and were unusable" in violation of accessibility standards at 904.4.1." (Doc. 27 at 5, ¶ 11.c.) Similarly, Gastelum's accompanying declaration states, "[t]he service counters were cluttered with merchandise and equipment and were unusable" and "violates accessibility standards at 904.4.1." (Doc 28 at 5, ¶ 11.c.) Both the motion and supporting declaration include a photograph of what appears to be a service counter. (Doc. 27 at 5; Doc. 28 at 5.)

Gastelum's statement that the service counters violated the accessibility standards at 904.4.1 is an improper legal conclusion. Further, the photograph, without any objective measurements or other factual support, is insufficient evidence that the counter was "unusable." Gastelum also is not entitled to summary judgment on his claim that the sales counter cluttered with merchandise and equipment was inaccessible in violation of section 904.4.1. Courts

12

addressing this issue have found that section 904.4.1 does not in all instances require businesses to provide usable counter space. *See Johnson v. Starbucks Corp.*, 818 F. App'x 657, 659 (9th Cir. 2020) ("Because there are circumstances under which a counter built to be less than 36 inches long complies with Section 904.4.1, we hold that Starbucks does not violate Section 904.4.1 by failing to provide 36 inches of usable counter space for disabled customers."); *see also Whitaker v. Beauty Essentials, Inc.*, No. 2:19-CV-06610-SK, 2021 WL 12166346, at *2 (C.D. Cal. Mar. 16, 2021) (explaining that section 904.4.1 does not in all instances require a place of public accommodation to provide 36 inches of usable counter space); *Whitaker v. Starbucks Corp.*, No. 2:20-CV-00111-RGK-JC, 2020 WL 2027593, at *2 (C.D. Cal. Mar. 4, 2020) ("There is no requirement to keep sales and transaction counters entirely 'clear' under the ADA."); *Johnson v. Starbucks Corp.*, No. C 17-02454 WHA, 2019 WL 1427435, at *2 (N.D. Cal. Mar. 29, 2019), *aff'd*, 818 F. App'x 657 (9th Cir. 2020) (Section 904.4.1 "does not mention, let alone require, that an entity provide any particular amount of 'clear' counter space"); *Lammey v. Starbucks Corp.*, No. 2:18-cv-9477RGKJCX, 2019 WL 4187377, at *2 (C.D. Cal. June 27, 2019) ("ADA Standards do not require a clear transaction counter space."); *but see Whitaker v. Ling-Su Chinn, LLC*, No. CV 19-8210-JFW(PLAX), 2020 WL 10995648, at *4 (C.D. Cal. Dec. 21, 2020) (explaining that where section 904.4.1 required defendant's lowered counters to be 36 inches long, 28 U.S.C. § 36.211(a) required defendant to maintain those 36-inch-long counters in a way that made them usable for customers with disabilities).

In his reply, Gastelum asserts that the service counters depicted "were designed, constructed, and used for a forward approach by customers, including wheelchair bound customers like Plaintiff, but the Service Counter did not provide the knee and toe space complying with Standards at 306 and thus violated Standards at 904." (Doc. 31 at 2.) Gastelum raises this argument and purported barrier regarding knee and toe space for the first time in his reply brief. Indeed, the operative complaint, Gastelum's summary judgment motion, and Gastelum's own declaration lack any assertion that he encountered a service counter barrier related to "knee and toe space" at the Store. Because this argument is raised for the first time in reply, it need not be considered by the Court. *See Tinnin v. Sutter Valley Med. Found.*, 647 F.

13

Supp. 3d 864, 872 (E.D. Cal. 2022) (explaining arguments raised for the first time in reply need not be considered by court); *see also Xiong v. Chavez*, No. 1:13-CV-00083-SKO, 2016 WL 345609, at *20 (E.D. Cal. Jan. 28, 2016) ("Reply briefs should be limited to matters raised in the opposition papers. It is improper for the moving party to introduce new facts or different legal arguments in the reply brief than presented in the moving papers.") (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief")). Even if the Court were to consider it, Gastelum again provides no measurements in his declaration or in his photograph of the counter sufficient to establish any violation of the accessibility standards as to knee or toe space. Gastelum's statement that the counter violated accessibility standards is an improper legal conclusion. Further, and as discussed above, Gastelum fails to demonstrate that he was using a wheelchair when he encountered any alleged service counter barrier at the Store.

Based on the above, the Court concludes that Gastelum has not met his burden to establish any accessibility violations. Gastelum's impermissible legal conclusions and photographs, without more, are an insufficient basis upon which to grant summary judgment. Accordingly, the Court will recommend that Gastelum's motion for summary judgment be DENIED on this alternate basis.

**V. Conclusion and Recommendation**

For the reasons stated, it is HEREBY RECOMMENDED as follows:

1. Best Buy's motion for summary judgment be GRANTED.
2. Gastelum's motion for summary judgment be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page**

1  **limit may not be considered.**  The parties are advised that failure to file objections within the
2  specified time may result in the waiver of the "right to challenge the magistrate's factual
3  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter
4  v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

5  IT IS SO ORDERED.

6  Dated:  **May 16, 2025**                    /s/ *Barbara A. McAuliffe*
7                                                          UNITED STATES MAGISTRATE JUDGE